PHILIP D. STERN & ASSOCIATES, LLC
ATTORNEYS AT LAW
697 Valley Street, Suite 2d
Maplewood, NJ 07040
(973) 379-7500
Attorneys for Plaintiff, Christine M. Nicholas

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINE M. NICHOLAS,<br>Plaintiff,<br><br>vs.<br><br>CELENTANO, STADTMAUER &<br>WALENTOWICZ, L.L.P., a New Jersey<br>limited liability partnership,<br>Defendant. | **CLASS ACTION COMPLAINT<br>AND JURY DEMAND** |

Plaintiff, CHRISTINE M. NICHOLAS, individually and on behalf of all others similarly situated, by way of Complaint against Defendant, CELENTANO, STADTMAUER & WALENTOWICZ, L.L.P., says:

### I.   NATURE OF THE ACTION

1.   This action stems from the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. Specifically, Defendant sent misleading letters to Plaintiff and others similarly situated in its attempts to collect debts from them. Plaintiff seeks damages under the FDCPA for herself and a class of similarly situated New Jersey consumers.

### II.   PARTIES

2.   Plaintiff is a natural person.

3.   At all times relevant to the factual allegations of this Complaint, Plaintiff was a citizen of the State of New Jersey, residing in Bergen County, New Jersey.

4.   At all times relevant to the factual allegations of this Complaint,

Defendant was a for-profit limited liability partnership of the State of New Jersey.

5.  On information and belief, the principal business location of Defendant is in the City of Clifton, Passaic County, New Jersey.

### III.  JURISDICTION AND VENUE

6.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

7.  Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because Defendant regularly transacts business within this federal judicial district and, therefore, resides in the State of New Jersey within the meaning of 28 U.S.C. § 1391(b) and (c).

### IV.  LEGAL BASIS FOR FAIR DEBT COLLECTION PRACTICES ACT CLAIMS

8.  Plaintiff brings this action against Defendant who used false, deceptive and misleading practices in connection with its attempts to collect debts. Plaintiff alleges that Defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

9.  The FDCPA protects vulnerable citizens while also promoting a competitive marketplace. "Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to 'insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.'" *Lesher v. Law Offices of Mitchell N. Kay, P.C.,* __ F.3d __, slip op. at 8 (3d Cir. 2011). Congress adopted the FDCPA with the "express purpose to eliminate abusive debt collection practices by debt collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 559 U.S. __, 130 S. Ct. 1605, 1623, 176 L. Ed. 2d 519 (2010) (internal quotes and ellipsis omitted).

10. Congress found abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors contributed to the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. 15 U.S.C. § 1692(a). It also found that existing laws consumer protection laws were inadequate. 15 U.S.C.

§ 1692(b). Therefore, "Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act." *Lesher*, *supra*, slip op. at 8.

11. Through these private actions, the FDCPA's enforcement not only reduces the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy but, simultaneously, promotes a competitive marketplace for those debt collectors who voluntarily treat consumers with honesty and respect.

12. "Congress recognized that 'the vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness or marital difficulties or divorce.'" *FTC v. Check Investors, Inc.,* 502 F.3d 159, 165 (3d Cir. 2007).

13. "'A basic tenet of the Act is that all consumers, *even those who have mismanaged their financial affairs resulting in default on their debt*, deserve 'the right to be treated in a reasonable and civil manner.'" *FTC, supra,* 502 F.3d at 165 (emphasis added) quoting *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997).

14. The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer," *Brown v. Card Serv. Ctr*, 464 F.3d 450, 453n1 (3d Cir. 2006). "[T]he FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993).

15. Except where the Act expressly requires knowledge or intent, the "FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation," *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011) (citing, in footnote 7, supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).

16. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt and, without limiting the generality of the prohibited conduct, enumerates sixteen acts and omissions which are deemed to be *per se* violations of that section. 15 U.S.C. § 1692e(1)-(16). That list includes:

16.01. the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

17. To eliminate abusive debt collection practices, the FDCPA, at 15 U.S.C. § 1692g(a) sets forth guidelines for written notice to a consumer including:

17.01. "a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector," 15 U.S.C. § 1692g(a)(4) (emphasis added); and

17.02. "a statement that, upon the consumer's *written* request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor," 15 U.S.C. § 1692g(a)(5) (emphasis added).

18. Liability under the FDCPA is excused *only* when a debt collector establishes, as an affirmative defense, the illegal conduct was either "not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error," 15 U.S.C. § 1692k(c), or an "act done or omitted in good faith in conformity with any advisory opinion of the" Federal Trade Commission, 16 U.S.C. § 1692k(e). Thus, common law privileges and immunities are not available to absolve a debt collector from liability under the FDCPA. See, *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 369 (3rd Cir. 2011); and *Sayyed v. Wolpoff & Abramson*, 485 F. 3d 236, 232-233 (4th Cir. 2007).

19. Liability under the FDCPA arises upon the showing of a single violation. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62-3 (2d Cir. 1993).

20. A debt collector who violates any provision of the FDCPA is liable for any actual damages, "additional damages" (also called "statutory damages"), and attorney's fees and costs. 15 U.S.C. § 1692k(a).

21. The FDCPA applies to lawyers engaged in consumer debt-

collection even when their conduct is limited to litigation. *Heintz v. Jenkins*, 514 U.S. 291 (1995). "Attorneys who regularly engage in debt collection or debt collection litigation are covered by the FDCPA, and their litigation activities must comply with the requirements of that Act." *Piper v. Portnoff Law Associates*, 396 F.3d 227, 232 (3d Cir. 2005).

**22.** Plaintiff, individually and on behalf of all those similarly situated seeks statutory damages, attorney fees, and costs pursuant to the FDCPA.

v.   **FACTS**

**23.** On or about September 2, 2010, January 18, 2011, and February 13, 2011, Plaintiff is alleged to have incurred a financial obligations ("Debt") to The Valley Hospital.

**24.** The Debt is alleged to arise from medical services and related supplies provided to Plaintiff.

**25.** Defendant is regularly engaged in the collection of debts.

**26.** The principal purpose of Defendant is the collection of debts and it uses the mails, telephone, the internet and other instruments of interstate commerce.

**27.** Defendant contends that the Debt is in default.

**28.** The Debt was placed with, obtained by or assigned to DEFENDANT for the purpose of collecting or attempting to collect the Debt.

**29.** The Debt was in default or alleged to be in default at the time it was placed with, obtained by or assigned to Defendant.

**30.** In an attempt to collect the Debt or a portion of it, Defendant sent Plaintiff a letter dated November 22, 2010.

**31.** A true and correct copy of the November 22, 2010 letter is attached as Exhibit 1.

**32.** In an attempt to collect the Debt or a portion of it, Defendant sent Plaintiff a letter dated March 28, 2011.

**33.** A true and correct copy of the March 28, 2011 letter is attached as Exhibit 2.

34. Both letters are addressed to Plaintiff but use the name "CHRISTINE MARI COHEN" as the addressee.

35. Both letters appear to be mass-produced form letters as the text of both letters are identical except as to the date and information specific to the debt and to which a rubber stamp of the signature of an attorney affiliated with Defendant has been affixed. Moreover, as each letter identifies a different account number, Plaintiff alleges on information and belief, that Defendant sent each letter as its initial collection letter on each account.

## VI.   POLICIES AND PRACTICES COMPLAINED OF

36. It is the Defendant's policy and practice to send its initial written collection communication in the form attached as Exhibit 1 or 2, in connection with the collection of alleged consumer debts, which make false, deceptive, and misleading representations in violation of the FDCPA and fail to set forth the notices required under the FDCPA.

37. Such policy and practice is in violation of 15 U.S.C. §§ 1692e(10), 1692g(a)(4), and 1692g(a)(5).

## VII.   CLASS ALLEGATIONS

38. Plaintiff brings this action individually and as a class action on behalf of all other persons similarly situated pursuant to Fed. R. Civ. P. 23.

39. Excluding persons who, prior to the date this action is certified to proceed as a class action, either died, obtained a discharge in bankruptcy, or signed a general release of claims against Defendant, the "Class" consists of:

> Each natural person to whom CELENTANO, STADTMAUER & WALENTOWICZ, L.L.P. mailed a letter to a New Jersey address in connection with its attempt to collect on a debt allegedly due to The Valley Hospital which letter (a) was dated on or between the date which is within one year prior to the filing of this Complaint and the date on which Defendant will be served with process, (b) was not returned by the Postal Service as undeliverable, and (c) failed to include either:

>> a statement that if the addressee notified CELENTANO, STADTMAUER & WALENTOWICZ,

L.L.P. in writing within thirty days after receipt of the letter that the debt, or any portion thereof, is disputed, CELENTANO, STADTMAUER & WALENTOWICZ, L.L.P. would obtain verification of the debt or a copy of a judgment against the addressee and a copy of such verification or judgment will be mailed to the addressee by CELENTANO, STADTMAUER & WALENTOWICZ, L.L.P.

OR

a statement that, upon the addressee's written request within thirty days after receipt of the letter, CELENTANO, STADTMAUER & WALENTOWICZ, L.L.P. would provide the addressee with the name and address of the original creditor, if different from the current creditor.

40. The "Class Claims" consist of all claims arising from a person's receipt of a letter from Defendant in connection with its attempt to collect a debt from such person which failed to include either:

a statement that if the addressee notified CELENTANO, STADTMAUER & WALENTOWICZ, L.L.P. in writing within thirty days after receipt of the letter that the debt, or any portion thereof, is disputed, CELENTANO, STADTMAUER & WALENTOWICZ, L.L.P. would obtain verification of the debt or a copy of a judgment against the addressee and a copy of such verification or judgment will be mailed to the addressee by CELENTANO, STADTMAUER & WALENTOWICZ, L.L.P.;

OR

a statement that, upon the addressee's written request within thirty days after receipt of the letter, CELENTANO, STADTMAUER & WALENTOWICZ, L.L.P. would provide the addressee with the name and address of the original creditor, if different from the current creditor.

41. The identity of each member of the Class is readily ascertainable from Defendant's records and those records of The Valley Hospital on whose behalf Defendant was seeking to collect debts.

42. Plaintiff's claims are typical of the class members, as all are

based upon the same facts and legal theories.

43. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Fed. R. Civ. P. 23(a) because there is a well-defined community interest in the litigation in that:

44. Plaintiff is informed and believes, and on that basis alleges, that the members of the Class are so *numerous* that joinder of all members would be impractical. On information and belief, there are more than forty members of the Class.

45. *Common questions of law and fact* exist as to all members of the Class, the principal issues are whether Defendant's written communications to consumers, in the form attached as Exhibits 1 and 2, violates 15 U.S.C. §§ 1692e(10), 1692g(a)(4), and 1692g(a)(5).

46. Plaintiff's claims are *typical* of the claims of the class members. Plaintiff and all members of the Class have claims arising out of the Defendant's common and uniform course of conduct with respect to Defendant's written communications to consumers in the form attached as Exhibits 1 and 2.

47. Plaintiff will fairly and adequately *protect* the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Plaintiff and Plaintiff's counsel have no interests which might cause them not to vigorously pursue the instant class action lawsuit.

48. This action has been brought and may be maintained as a "B1a-class", a "B2-class", a "B3-class", or a hybrid of any two or all three types. Based on discovery and further investigation, Plaintiff will particularize the type of class action at the time of the motion for class certification and, at this time, alleges:

48.01. Certification of a class under Fed. R. Civ. P. 23(b)(1)(a) is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant.

48.02. Certification of a class under Fed. R. Civ. P. 23(b)(2) is

appropriate in that a determination that Defendant's written communications to consumers, in the form attached as Exhibit 1, violates 15 U.S.C. §§ 1692e(10), 1692g(a)(4) and 1692g(a)(5) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

**48.03.** Certification of a class under Fed. R. Civ. P. 23(b)(3) is appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy because individual joinder of all members would be impracticable, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender, an important public interest will be served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and difficulties are unlikely in the management of a class action.

**49.** Based on discovery and further investigation, at the time Plaintiff moves for class certification, Plaintiff may seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

VIII. **CAUSE OF ACTION FOR VIOLATIONS OF THE FDCPA**

**50.** Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

**51.** Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

**52.** Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

**53.** The Debt is a "debt" within the meaning of 15 U.S.C. §1692a(5).

**54.** The November 22, 2010 letter and the March 28, 2011 letter are each a "communication" as defined by 15 U.S.C. § 1692a(2).

55. Each letter was sent by Defendant to Plaintiff in an attempt to collect the Debt.

56. Defendant's use of the written communications in the form attached as Exhibit 1 and Exhibit 2 violated the FDCPA in one or more of the following ways:

56.01. Using a false representation and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

56.02. Failing to include in either Exhibit 1 or Exhibit 2 "a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector" in violation of 15 U.S.C. § 1692g(a)(4) (emphasis added); and

56.03. Failing to include in either Exhibit 1 or Exhibit 2 "a statement that, upon the consumer's *written* request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor" in violation of 15 U.S.C. § 1692g(a)(5) (emphasis added).

57. Based on any one of those violations, Defendant is liable to Plaintiff and the Class for statutory damages, attorney's fees and costs.

IX.   **PRAYER FOR RELIEF**

58. WHEREFORE, Plaintiff, CHRISTINE M. NICHOLAS, respectfully requests that the Court enter judgment against Defendant, CELENTANO, STADTMAUER & WALENTOWICZ, L.L.P., as follows:

58.01. An order certifying that the Cause of Action may be maintained as a class pursuant to Fed. R. Civ. P. 23 including defining the class, defining the class claims, and appointing Plaintiff as the class representative and the undersigned attorney as class counsel;

58.02. An award of statutory damages for Plaintiff pursuant to 15

U.S.C. § 1692k(a)(B);

**58.03.** An award of statutory damages for the Class pursuant to 15 U.S.C. § 1692k(a)(B);

**58.04.** Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

**58.05.** For such other and further relief as may be just and proper.

## X.   JURY DEMAND

**59.** Plaintiff demands a trial by jury on all issues so triable.

## XI.   CERTIFICATION PURSUANT TO LOCAL CIVIL RULE

**60.** Pursuant to L. Civ. R. 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I further certify that I know of no party, other than putative class members, who should be joined in the action at this time.

Philip D. Stern & Associates, LLC
Attorneys for Plaintiff, Plaintiff
*s/Philip D. Stern*
_____
Dated: September 26, 2011                Philip D. Stern

# Celentano, Stadtmauer & Walentowicz, LLP
## ATTORNEYS AT LAW

John A. Celentano, Jr. (Retired)
Arnold L. Stadtmauer
Henry C. Walentowicz
Steven Stadtmauer *

———

Nancy A. Cifalino *
Eric J. Plantier *
Stephanie A. Dubanowitz *
  * Member of NJ and NY Bars

Notchview Office Park
1035 Route 46 East
P.O.BOX 2594
Clifton, NJ 07015-2594
    (973) 778 - 1771

Office Hours Monday Through Friday
    9 AM to 5 PM
Fax: (973) 916 - 5473

NOVEMBER 22, 2010

CHRISTINE MARI COHEN
REDACTED

Re: The Valley Hospital

| DATE | ACCOUNT # | NAME | AMOUNT |
|------|-----------|------|--------|
| 2/13/2010 | V007038189 | COHEN, CHRISTINE MARIE | $2,002.00 |

Dear CHRISTINE MARI COHEN

　　This firm represents The Valley Hospital            in
connection with the balance on the above referenced account.  Our
client has advised that you did not have insurance to cover these
services.

　　Please be advised that unless you, within 30 days after receipt
of this letter, dispute the validity of the above referenced debt, or
any portion thereof, we will assume this debt to be valid.

　　Please be further advised that if you notify our firm that you
dispute the debt, or any portion thereof, within the 30 day period
discussed above, we will obtain verification of the debt, or a copy of
the judgment entered against you, if any, and mail a copy to you.

　　Please also be advised that, upon your request made within the
above 30 day period, we will provide you with the name and address of
the original creditor if it is different from the current creditor.

　　Please understand that the purpose of this letter is to collect
the above debt and that any information obtained will be used for that
purpose.  Therefore, we request that you contact this office promptly
in order to resolve this matter.

Reference Number:  060-149386-zs

Exhibit 1

All checks should be made payable to Arnold L. Stadtmauer Trust Account and should be forwarded directly to this office at the following address:  P.O. Box 299,  Emerson,  New Jersey  07630.

If it is more convenient for you to pay by credit card, please complete and sign the form below and return it to this office.

Please note that this communication is from a debt collector.

Very truly yours,
Celentano, Stadtmauer & Walentowicz, LL

ALS:pk                              Arnold L. Stadtmauer
                                    ARNOLD L. STADTMAUER

I authorize   The Valley Hospital                 to charge my account:
The Hospital Will accept the following credit card (PLEASE CIRCLE ONE)
          MASTERCARD     VISA

Patient Name:_____

Patient Acct. #s:_____

Charge Card Member Name:_____

Relationship to Patient:_____ Security Code:_____

Charge Card Number:_____Expiration Date:_____

Amount of Payment: $_____Date:_____

Card Member Signature:_____
              *** Please be sure all information is correct and clear. ***

Reference Number:  060-149386-zs

# Celentano, Stadtmauer & Walentowicz, LLP
### ATTORNEYS AT LAW

John A. Celentano, Jr. (Retired)
Arnold L. Stadtmauer
Henry C. Walentowicz
Steven Stadtmauer *
—————————
Nancy A. Cifalino *
Eric J. Plantier *
Stephanie A. Dubanowitz *
 * Member of NJ and NY Bars

Notchview Office Park
1035 Route 46 East
P.O.BOX 2594
Clifton, NJ  07015-2594
(973) 778 - 1771

Office Hours Monday Through Friday
9 AM to 5 PM
Fax: (973) 916 - 5473

MARCH 28, 2011

CHRISTINE MARI COHEN
REDACTED

Re: The Valley Hospital

| DATE | ACCOUNT # | NAME | AMOUNT |
|------|-----------|------|--------|
| 9/02/2010 | V007192271 | COHEN, CHRISTINE MARIE | $999.00 |

Dear CHRISTINE MARI COHEN

   This firm represents The Valley Hospital            in connection with the balance on the above referenced account.  Our client has advised that you did not have insurance to cover these services.

   Please be advised that unless you, within 30 days after receipt of this letter, dispute the validity of the above referenced debt, or any portion thereof, we will assume this debt to be valid.

   Please be further advised that if you notify our firm that you dispute the debt, or any portion thereof, within the 30 day period discussed above, we will obtain verification of the debt, or a copy of the judgment entered against you, if any, and mail a copy to you.

   Please also be advised that, upon your request made within the above 30 day period, we will provide you with the name and address of the original creditor if it is different from the current creditor.

   Please understand that the purpose of this letter is to collect the above debt and that any information obtained will be used for that purpose.  Therefore, we request that you contact this office promptly in order to resolve this matter.

Reference Number:  060-153652-zs

Exhibit 2

All checks should be made payable to Arnold L. Stadtmauer Trust Account and should be forwarded directly to this office at the following address: P.O. Box 299, Emerson, New Jersey 07630.


If it is more convenient for you to pay by credit card, please complete and sign the form below and return it to this office.

Please note that this communication is from a debt collector.

Very truly yours,
Celentano, Stadtmauer & Walentowicz, LLP


ALS:pk                        Arnold L. Stadtmauer

I authorize   The Valley Hospital                to charge my account:
The Hospital Will accept the following credit card (PLEASE CIRCLE ONE)
         MASTERCARD    VISA

Patient Name:_____

Patient Acct. #s:_____

Charge Card Member Name:_____

Relationship to Patient:_____Security Code:_____

Charge Card Number:_____Expiration Date:_____

Amount of Payment: $_____Date:_____


Card Member Signature:_____
              *** Please be sure all information is correct and clear. ***

Reference Number:  060-153652-zs