PHILIP D. STERN & ASSOCIATES, LLC
ATTORNEYS AT LAW
697 Valley Street, Suite 2d
Maplewood, NJ 07040
(973) 379-7500
Attorneys for Plaintiff, Christine M. Nicholas

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTINE M. NICHOLAS, <br> Plaintiff, <br><br> vs. <br><br> CELENTANO, STADTMAUER & WALENTOWICZ, L.L.P., a New Jersey limited liability partnership, <br> Defendant. | 11-cv-5585-CCC-JAD <br><br> JOINT DISCOVERY PLAN <br><br> Conference Scheduled for: <br> February 3, 2012, 11:30 AM |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

| | |
|---|---|
| **Philip D. Stern, Esq.** <br> **Philip D. Stern & Associates, LLC** <br> **697 Valley Street, Suite 2d** <br> **Maplewood, NJ 07040** <br> **(973) 379-7500** <br> **Attorneys for Plaintiff, Christine Nicholas** | **Richard Perr, Esquire** <br> **Jennifer Tatum Root, Esquire** <br> **Fineman, Krekstein & Harris, P.C** <br> **BNY Mellon Center** <br> **1735 Market Street** <br> **Suite 600** <br> **Philadelphia, PA 19103** <br> **Attorneys for Defendant, Celentano, Stadtmauer & Walenowicz, L.L.P.** |

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

**PLAINTIFF: This is a putative class action which arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. Plaintiff alleges that the Defendant law firm is a debt collector which sent form letters which failed to properly state the terms of a notice prescribed under 15 U.S.C. § 1692g(a)(4) which is commonly referred to as the "30-day Notice."**

**Specifically, the notice requires that the consumer be informed of rights which are triggered upon disputing the debt *in writing*. Defendant omitted the "in writing." There are cases from other districts which hold that this omission violates 15 U.S.C. § 1692g(a)(4) and is false and deceptive. Plaintiff does not seek actual damages for herself or the class. The FDCPA provides for statutory damages capped at $1,000 for Plaintiff and the lesser of $500,000 or 1% of Defendant's net worth for the class.**

**DEFENDANT: Defendant denies that its letter violates the FDCPA. It is Defendant's practice, upon a consumer's verbal dispute, to obtain verification of the debt and mail a copy of such verification to the consumer.  Further, it is Defendant's practice, upon receiving a consumer's verbal request, to provide the consumer with the name and address of the original creditor, if different from the current creditor.**

    3.    Have settlement discussions taken place? Yes _____ No \_\_**X**\_\_\_

    3.01.    (a) What was plaintiff's last demand?

    (1)    Monetary demand: $ _____

    (2)    Non-monetary demand: _____

    3.02.    (b) What was defendant's last offer?

    (1)    Monetary offer: $ _____

    (2)    Non-monetary offer: _____

    4.    The parties [have \_\_**X**\_\_\_ have not _____] met pursuant to Fed. R. Civ. P. 26(f):

    5.    The parties [have \_\_\_\_ have not \_**X**\_ ] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

**The parties expect to exchange disclosures prior to the Conference or shortly thereafter.**

    6.    Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).

**None.**

    7.    The parties [have _____ have not \_\_**X**\_\_\_\_] conducted discovery other than the above disclosures. If so, describe.

**The parties expect to serve initial interrogatories and document requests**

**within 14 days after service of the Rule 26(a)(1) Disclosures.**

8. Proposed joint discovery plan:

(a) Discovery is needed on the following subjects:

**Merits and class discovery will be handled together.**

(b) Discovery [should _____ should not ___**X**___] be conducted in phases or be limited to particular issues. Explain.

(c) Proposed schedule:

  (1) Fed. R. Civ. P. 26 Disclosures **by February 10, 2012**.

  (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) **by February 10, 2012**.

  (3) Service of initial written discovery **by February 24, 2012**.

  (4) Maximum of _25_ Interrogatories by each party to each other party.

  (5) Maximum of _10_ depositions to be taken by each party.

  (6) Motions to amend or to add parties to be filed by **14 days after close of fact discovery.**

  (7) Factual discovery to be completed by **June 1, 2012**.

  (8) Plaintiff's expert report due on **June 29, 2012**.

  (9) Defendant's expert report due on **July 20, 2012**.

  (10) Expert depositions to be completed by **August 31, 2012**.

  (11) Dispositive motions to be served within __**TBD – see (d)**__ days of completion of discovery.

(d) Set forth any special discovery mechanism or procedure requested.

**Class certification motion should be filed no later than September 21, 2012. If the motion is granted, dispositive motions should be returnable after class notice and the opt-out deadline has expired.**

(e) A pretrial conference may take place **pending the outcome of**

**dispositive motions**.

(f) Trial date: __TBD___ (_**X**__Jury Trial; ____ Non-Jury Trial).

**9.** Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? Yes _____No__**X**___.

If so, please explain.

**10.** Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?

Yes _____ No __**X**___.

If so, how will electronic discovery or data be disclosed or produced?

Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

**The parties stipulate that discovery demands and responses may be served by email using counsel's ECF email address. The responding party's counsel shall preserve the "wet ink" copy of discovery responses until the conclusion of the case and will promptly produce it upon request of any other party or the court.**

**11.** Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.

**One or both of the parties may seek such an Order. Both parties consent if the other desires such an Order. A request for such an Order will follow L.Civ.R. 5.3(b) and Appendix S.**

**12.** Do you anticipate any discovery problem(s) not listed above? Describe.

Yes _____ No __**X**___.

**13.** State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise).

If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

**As a class action, this case is not appropriate for arbitration. Upon completion of discovery, the parties may seek some form of ADR.**

14. Is this case appropriate for bifurcation? Yes _____ No __**X**___

15. An interim status/settlement conference (with clients in attendance), should be held in ___**TO BE DISCUSSED AT THE CONFERENCE**___.

16. We [do _____ do not __**X**___] consent to the trial being conducted by a Magistrate Judge.

17. Identify any other issues to address at the Rule 16 Scheduling Conference.

**None.**

|  |  |
|---|---|
|  | Philip D. Stern & Associates, LLC |
|  | Attorneys for Plaintiff, Christine M. Nicholas |
|  | *s/Philip D. Stern* |
| Dated: January 31, 2012 | Philip D. Stern |
|  |  |
|  | Fineman, Krekstein & Harris, P.C. |
|  | Attorneys for Defendant, Celentano, Stadtmauer & Walenowicz, L.L.P. |
|  | *s/Jennifer Tatum Root* |
| Dated: January 31, 2012 | Jennifer Tatum Root |